UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO MENDOZA, | No. 2:19-cv-02183 GGH P |
| Petitioner, | |
| v. | ORDER |
| SULLIVAN, Warden, | |
| Respondent. | |

Petitioner, a former state prisoner proceeding in pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

In its present form, the petition appears to include only unexhausted claims. When asked whether the grounds presented at the Third Appellate District, Court of Appeal and California Supreme Court were the same grounds as those raised in the present federal petition, petitioner answered "No." ECF No. 1 at 2-3 ¶H. Claims presented in a federal habeas petition must be first presented to the California Supreme Court either by way of petitioning for direct review after an appeal has been denied in the California Court of Appeal, or by way of a habeas corpus petition

////

1

1    presented to the state supreme court. Based on petitioner's assertions, petitioner has not satisfied

2    these exhaustion requirements.

3         The exhaustion of state court remedies is a prerequisite to the granting of a petition for

4    writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

5    explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).   A waiver of exhaustion, thus, may

6    not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

7    highest state court with a full and fair opportunity to consider all claims before presenting them to

8    the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

9    1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

10        After reviewing the petition for habeas corpus, the court finds that petitioner has failed to

11   exhaust state court remedies.  The claims have not been presented to the California Supreme

12   Court.  However, "a district court has the discretion to stay and hold in abeyance fully

13   unexhausted petitioners under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d

14   907, 912 (9th Cir. 2016) (citing Rhines v. Weber, 544 U.S. 269 (2005)).  Accordingly, the

15   undersigned will provide petitioner an opportunity to move for a stay under Mena and Rhines.

16        A district court may properly stay a habeas petition and hold it in abeyance pursuant to

17   Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

18   Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an

19   unexhausted claim to the state courts. Rhines, 544 U.S. at 277.  Assuming the petition itself has

20   been timely filed, such a stay "eliminates entirely any limitations issue with regard to the

21   originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at

22   1140. A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a

23   failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially

24   have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in

25   pursuing the litigation.  Rhines, 544 U.S. at 277-78. Although good cause does not require

26   "extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a

27   failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court

28   should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019,

                                                    2

1024 (9th Cir. 2008) (quoting <u>Jackson v. Roe</u>, 425 F.3d 654, 661-62 (9th Cir. 2005)). The Ninth Circuit has further rejected a "broad interpretation of 'good cause.'" <u>Wooten</u>, 540 F.3d at 1024. Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014).

Pursuant to <u>Rhines</u>, petitioner will be granted an opportunity to file a motion for stay and abeyance in which he sets forth good cause for failure to exhaust his claims prior to filing his current federal habeas petition; that is unexhausted claims are meritorious; and that he has not been dilatory in proceeding on his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district for pro se plaintiffs; and

3. Petitioner shall have thirty days to file a motion for stay and abeyance. Petitioner is warned that failure to file a motion for stay and abeyance within the court's deadline will result in a recommendation that this action be dismissed as unexhausted.

Dated: November 7, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

3